UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,                                       Case No. 10-20371

v.                                                   Honorable Sean F. Cox

Marvin Darnell Walker,

    Defendant.

_____/

## OPINION & ORDER GRANTING THE GOVERNMENT'S MOTION TO COMPEL PRODUCTION OF PALM PRINT EXEMPLARS

The matter is currently before the Court on "Government's Motion To Compel Production of Palm Print Exemplars." In their motion, the Government asks the Court to compel Defendant Marvin Darnell Walker ("Walker") to produce inked impressions of his palm for use in comparison with an unidentified palm print recovered from relevant evidence. (Docket Entry No. 24 at 2). The parties have briefed the issues and a hearing was held on December 9, 2010. For the reasons discussed below, the Court **GRANTS** the Government's motion.

BACKGROUND

Walker is charged with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute marijuana, in violation of 28 U.S.C. § 841(a)(1), and one count of possession with intent to distribute cocaine, also in violation of 28 U.S.C. § 841(a)(1). (Docket Entry No. 3).

The charges arose from incidents that occurred on October 22, 2009. On that day, police

1

officers conducted a traffic stop on a vehicle in which Walker was a passenger. (Docket Entry No. 24). Officers arrested Walker and took him to a home located at 4219 Seneca Avenue. Walker's girlfriend, Tanganyka Mann ("Mann"), was at the house and gave the officers permission to search the home. Police officers recovered ten and one-half pounds of marijuana and twenty-eight grams of cocaine from the home. *Id*. at 2. Additionally, police recovered a .22 caliber pistol. *Id*. Walker was subsequently released, and a federal grand jury issued an indictment eight months later.

The Michigan State Police print examiner discovered an unidentified palm print on one of the plastic bags that contained marijuana. *Id*. Law enforcement does not maintain palm print records. Therefore, the Government seeks production of an inked exemplar of Walker's palm print to use in comparison with the one found on the bag of marijuana recovered from the home.

On November 9, 2010, the Government filed the instant motion to compel. Walker filed his response on November 23, 2010.

## STANDARD OF REVIEW

"It has long been held that the compelled display of identifiable physical characteristics infringes no interest protected by the privilege against compulsory self-incrimination." *United States v. Dionosio*, 440 U.S. 1, 4 (1973). The Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture." *Schmerber v. California*, 384 U.S. 757, 765 (1966). "[T]he privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it." *Id*. 764.

Additionally, compelling fingerprints is not a considered a search under the Fourth Amendment. *See Dionosio*, 440 U.S. at 15. "The fingerprinting itself 'involves none of the probing into an individual's private life and thoughts that marks an interrogation or search.'" *Id*.

ANALYSIS

The Government argues that production of a palm print exemplar would not violate Walker's Fourth or Fifth Amendment rights. (Docket Entry No. 24). *Id*. at 1. Walker, however, argues that his initial traffic stop and arrest were an unreasonable seizure because officers lacked probable cause to arrest him, thus violating his Fourth Amendment rights. (Docket Entry No. 26 at 3). In turn, Walker argues that a palm print exemplar obtained by the Government would constitute the "fruit" of an unlawful arrest, and Government's motion should be denied. *Id*. The Government has conceded that Walker's original arrest was unlawful, but maintains that Walker's current detention is the result, not of his original arrest, but of a valid indictment issued by the grand jury eight months after the arrest. (Tr. of 12/9 Hrng at 15). Referring to an earlier motion to suppress statements, the Government explained:

> [W]hile defendant has requested that the Court suppress 'evidence and statements,' it is of the belief, after concurring with defense counsel, that the fruits of the alleged illegal detention are the verbal statements made in the presence of police. Indeed, the physical contraband that was located by the police was seized after law enforcement was given consent to search a residence by an individual other than defendant. The validity of that consent and any concomitant issues are not the subject of defendant's motion.

(Docket Entry No. 21 at 1, n. 1).

The Government is correct in its argument that compelling Walker to produce a palm print exemplar does not, in itself, violate Walker's Fourth or Fifth Amendment Rights. *See*

3

*Dionosio*, 440 U.S. at 15. Issues regarding the admissibility or suppression of evidence at trial are not the subject of this motion.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Government's Motion To Compel Palm Print Exemplars.

**IT IS SO ORDERED.**

                                                  S/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: December 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 29, 2010, by electronic and/or ordinary mail.

                                                  S/Jennifer Hernandez
                                                  Case Manager